LORENZO MARINO, ADMINISTRATOR (ESTATE OF RAFFAELE MARINO) *v*. ANTHONY D. GRECO ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued March 4—decided April 4, 1941.

*Michael A. Ciano*, for the appellant (plaintiff).

*DeLancey Pelgrift* and *Martin E. Gormley*, for the appellees (defendants).

BROWN, J.   In this action for the death of the plaintiff's decedent Raffaele Marino, caused by being run over by a motor truck driven by the defendant Julian, these material facts found by the court are undisputed: Bank Street in Waterbury, twenty-eight feet in width, extends in a northerly and southerly direction and is

intersected on the east by East Porter Street, which is also twenty-eight feet wide, and on the west by West Porter Street. The plaintiff and his family, including his son Raffaele, the decedent, occupied an apartment over a store at the southeast corner of the intersection. The entrance leading to the apartment is south of this store, and next south is a barber shop about fifty feet from the corner. Bozzuto's grocery store is located on the northwest corner of the intersection. At about noon on September 13, 1937, while it was raining very hard, Raffaele came out of the building in which he lived, having in his hands an empty milk bottle and one of Bozzuto's grocery books for the entry of credit purchases. He ran northerly from the southeast to the northeast corner of the intersection and at that point paused near the easterly curb of Bank Street, looked to his left, and then started westerly along the space on Bank Street generally used as a crosswalk, toward the northwest corner. When he reached a point about four feet westerly of the east curb of Bank Street he was struck by the right front fender of the motor truck which the defendant Julian was driving northerly on that part of Bank Street east of its center line, and the left front wheel ran over him, inflicting fatal injuries. At the intersection the view of Bank Street was unobstructed for several hundred feet both to the south and to the north. Although the defendant Julian could see through the windshield he at no time saw the boy Raffaele. The truck approached and proceeded through the intersection in second gear at a speed of about ten to fifteen miles per hour. It was equipped with booster hydraulic brakes, which when applied at that speed could have stopped the truck within five to ten feet. Julian first learned that the boy had been struck when a bystander shouted to him after the truck had passed beyond the intersection,

Raffaele was ten years of age, a boy of normal size about three and one-half feet tall weighing one hundred and five pounds; he was in good health, and had a fair passing grade in public school. The court concluded that the defendant Julian was guilty of no negligence which was a proximate cause of the death of the plaintiff's decedent, and that the latter was guilty of contributory negligence which was a proximate cause of his death; and rendered judgment for the defendants.

The errors assigned upon this appeal are the court's refusal to find that at the time the decedent paused and looked to his left the truck was at a point opposite the barber shop, and its conclusions, on the ground that they are not supported by the facts found. The first assignment is without merit, for the location of the truck at the time in question was not an admitted or undisputed fact. Even the two witnesses for the plaintiff whose direct testimony did locate it as claimed by the plaintiff, on cross-examination placed it materially nearer to the place where the decedent was standing.

The determinative question under the second assignment is whether the facts found support the court's conclusion that the decedent was guilty of contributory negligence which was a proximate cause of his death. It is clear from the finding that the decedent, standing at the northeast corner, looked to the south and either saw or should have seen the truck approaching, and thereupon left his position of safety and stepped out directly into its course. At the time he did so the truck was but a few feet from him, since even though he proceeded at a slow walk it could have taken him but slightly more than a second to traverse the four feet in question. Such conduct would manifestly constitute contributory negligence upon the part

of an adult. The plaintiff claims, however, that under the more favorable rule applicable in the case of a ten year old child, the facts do not warrant the court's conclusion that he was negligent. The finding indicates that Raffaele had the stature, intelligence and schooling of a normal boy of that age living in the city, and that he was familiar with the streets and traffic at the intersection in question. It further shows that he possessed at least the judgment evidenced by his undertaking the errand to the store, and by his pause to look for approaching traffic before he started to cross the street. Upon these facts we cannot say that the court was unwarranted in concluding that in going in front of the truck as he did the decedent failed to use such care as might reasonably be expected of a boy of similar age, judgment and experience (*Johnson* v. *Fiske,* 125 Conn. 445, 450, 6 Atl. (2d) 354), and that this failure was a proximate cause of his death. This conclusion entitled the defendants to judgment upon the affirmative defense of contributory negligence which they had pleaded.

There is no error.

In this opinion the other judges concurred.