J-S11029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TYRONE GREEN :
:
Appellant : No. 6 EDA 2019

Appeal from the PCRA Order Entered December 4, 2018
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000028-1994

BEFORE: SHOGAN, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.: **FILED APRIL 02, 2019**

Tyrone Green (Appellant) appeals *pro se* from the order dismissing as untimely his eighth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

A prior panel of this Court summarized the relevant factual and procedural history as follows:

> On July 20, 1996, a jury convicted Appellant of recklessly endangering another person, possessing an instrument of crime, and firearms not to be carried without a license in connection with Appellant's role in a December 18, 1993 robbery and homicide at a laundromat in Coatesville, Pennsylvania. Although a jury was initially unable to reach a verdict on second degree murder and robbery, Appellant was subsequently retried on those offenses and convicted.
>
> On March 12, 1997, the trial court sentenced Appellant to life imprisonment for murder and imposed an aggregate term of three to seven years imprisonment on the remaining offenses. We affirmed the judgment of sentence on December 31, 1997, and our Supreme Court denied allowance of appeal on June 8, 1998.

*Commonwealth v. Green*, 706 A.2d 1252 (Pa.[]Super. 1997) (unpublished memorandum), *appeal denied*, 724 A.2d 936 (Pa. 1998). Appellant timely filed a PCRA petition, the trial court denied relief, we affirmed, and our Supreme Court denied allowance of appeal. *Commonwealth v. Green*, 816 A.2d 328 (Pa.[]Super. 2002) (unpublished memorandum), *appeal denied*, 839 A.2d 351 (Pa. 2003). On November 28, 2005, the United States Supreme Court denied Appellant's petition for writ of *certiorari*. *Green v. Brooks*, 546 U.S. 1037 (2005).

On January 5, 2006, Appellant filed his second PCRA petition invoking, *inter alia*, a newly-discovered fact in the form of a disclosure by a fellow prisoner, Shawn Smith, regarding Tyrone Allen, who testified for the Commonwealth at the trial for Appellant's co-defendant. According to Smith, Mr. Allen had informed police that Appellant left the laundromat prior to the murder. The PCRA court dismissed the petition as untimely filed without exception to the time-bar, and we affirmed. Specifically, we reasoned that Appellant could not establish due diligence because Allen testified at the co-defendant's trial "three years prior to Appellant's second trial and twelve years prior to the filing of the instant PCRA petition . . . [and] Allen testified to having seen Appellant leave the laundromat shortly before shots were fired." *Commonwealth v. Green*, 928 A.2d 1122 (Pa. Super. 2007) (unpublished memorandum at 5) (internal citations omitted). Hence, we concluded "[t]he information therefore was available and could have been obtained by due diligence, but was not." *Id.* at 6.

Between 2007 and 2016, Appellant filed four more unsuccessful PCRA petitions. Thereafter, on May 26, 2017, Appellant filed [his seventh PCRA petition.] Appellant sought to revive his newly-discovered-fact claim in light of *Commonwealth v. Burton*, 158 A.3d 618 (Pa. 2017), wherein our Supreme Court held that incarcerated *pro se* PCRA petitioners cannot be presumed to know information that is public record for the purpose of determining whether a fact is "previously unknown" under 42 Pa.C.S. § 9545(b)(1)(ii). Following the proper notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed the petition as untimely.

*Commonwealth v. Green*, 3569 EDA 2017, *1-3 (Pa. Super. May 25, 2018)

(unpublished memorandum).

- 2 -

On May 25, 2018, this Court affirmed the PCRA court's dismissal of Appellant's seventh PCRA petition, holding that Appellant's petition was untimely and no exception to the statutory time-bar applied. *Id.* at *9. Appellant did not file a petition for allowance of appeal.

On October 23, 2018, Appellant filed his eighth PCRA petition. The trial court filed a Rule 907 Notice on November 20, 2018, to which Appellant filed a response on November 29, 2018. On December 4, 2018, the trial court dismissed Appellant's petition. Appellant filed a timely notice of appeal on December 17, 2018. Both the trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925. Appellant presents two issues for our review:

> [1.] DID THE PCRA COURT ABUSE ITS DISCRETION IN DENYING PETITIONER PCRA RELIEF WHEN IT CONCLUDED HE WAS AWARE FOR YEARS THAT HE WAS NOT PRESENT DURING THE CRIME THEREFORE THE AFTER DISCOVERED EVIDENCE PROVING SUCH IS IRRELEVANT?
>
> [2.] WHETHER FIFTH PCRA COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE?

Appellant's Brief at 2.

Instantly, the PCRA court denied relief on the basis that Appellant's petition was untimely. Our standard of review of an order denying PCRA relief is "whether the PCRA court's determination is supported by the evidence of record and free of legal error. We grant great deference to the PCRA court's findings, and we will not disturb those findings unless they are unsupported by the certified record." *Commonwealth v. Holt*, 175 A.3d 1014, 1017 (Pa.

Super. 2017) (citation omitted). Before we reach the merits of a petitioner's claim, Section 9545 of the PCRA requires that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The timeliness requirement of the PCRA is "mandatory and jurisdictional in nature." *Commonwealth v. McKeever*, 947 A.2d 782, 784-85 (Pa. Super. 2008) (citation omitted). Therefore, "no court may disregard, alter, or create equitable exceptions to the timeliness requirement in order to reach the substance of a petitioner's arguments." *Id.* at 785. Although the timeliness requirement is mandatory and jurisdictional, "an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). The three exceptions to the timeliness requirement are:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

> provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Until recently, a petition invoking an exception had to be filed within 60 days of the date the claim could have been presented. However, effective December 24, 2017, Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), and now provides that a PCRA petition invoking a timeliness exception must be filed within **one year** of the date the claim could have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, §2 and §3 ("[T]he amendment . . . shall apply to claims arising on Dec. 24, 2017 or thereafter."). Although applicable to Appellant's instant petition, the change in the law from 60 days to one year does not impact our analysis in this case.

Appellant's PCRA petition is facially untimely. "A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'" *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting 42 Pa.C.S.A. § 9545(b)(3)). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal from his judgment of sentence on June 8, 1998. Therefore, his judgment of sentence became final on September 6, 1998, 90 days after the Pennsylvania Supreme Court's denial of Appellant's petition for allowance of appeal, which marked the expiration of the period Appellant could

have sought *certiorari* with the United States Supreme Court. **See** U.S. S.Ct.R. 13; *Commonwealth v. Lark*, 746 A.2d 585, 587 (Pa. 2000).

To be timely, Appellant was required to file a PCRA petition on or before September 6, 1999. Appellant's eighth PCRA petition, filed on October 23, 2018, is facially untimely. Accordingly, we are without jurisdiction to decide Appellant's appeal unless he pled and proved one of the three timeliness exceptions of Section 9545(b)(1). **See Derrickson**, 923 A.2d at 468.

Appellant argues that he satisfied the newly-discovered fact exception under section 9545(b)(1)(ii), and therefore, the PCRA court possessed jurisdiction over the merits of his petition. The newly-discovered fact exception:

> has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (citations omitted) (emphasis removed).

Appellant contends that an affidavit he received on October 17, 2018 from co-defendant, Darrick Hall, successfully meets the newly-discovered fact exception criteria cited above. Specifically, Appellant argues that the affidavit brings to light the following "newly-discovered facts":

> Mr. Hall's 2018 affidavit is relevant because for the first time, Mr. Hall stated that he was facing the front of the laundromat and actually observed [Appellant] holding the door open for customers. Mr. Hall also states that once he pulled out

his gun the victim grabbed him, as he glanced towards the front where [Appellant] was at and saw [Appellant] running out of the laundromat leaving him behind. Mr. Hall further stated that once he (Mr. Hall) ran out that [Appellant] was trying to leave him and that he hated [Appellant] for that. Finally, Mr. Hall admits that [Appellant] did not know that he had a gun on him.

Appellant's Brief at 16.

However, Appellant admits that "[t]he new evidence is also corroborated by key [C]ommonwealth witness Tyrone Allen's testimony at Mr. Hall's trial where he testified that [Appellant] ran before the shots were fired." *Id.* at 17. (citations omitted). Mr. Allen's testimony was the basis of Appellant's newly-discovered fact exception claim in his second PCRA petition. In finding this Court had no jurisdiction to address the merits of his second petition because Appellant failed to plead and prove an exception to the PCRA time-bar, we stated:

> The instant claim relates to Appellant's assertion of a disclosure by a fellow prisoner, Shawn Smith, that Commonwealth witness Tyrone Allen, who testified at the trial of Appellant's co-defendant, told police that Appellant had left the laundromat before the shooting started; Allen reportedly had been intimidated by police and therefore had not testified at Appellant's trial. The petition also asserts a failure of the prosecutor's office to provide this information to the defense as an example of governmental interference, and alleges ineffectiveness of counsel for failure to discover it.
>
> The newly discovered evidence exception requires the petitioner to allege and prove that the information referred to was "unknown by the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. §[]9545(b)(1)(ii). **Allen's testimony had been given in October of 1994** (Commonwealth's Answer and Motion to Dismiss Defendant's Second PCRA Petition, at 4 n.11), **three years prior to Appellant's second trial and twelve years prior to the filing of the instant PCRA petition.** During Hall's trial Allen testified

- 7 -

to having seen Appellant leave the laundromat shortly before shots were fired. (***Id.***, Exhibit N.T., 10/24/94, at 84-85, 90-91, 94-99). **The information therefore was available and could have been obtained by due diligence, but was not.** Moreover, Appellant provides nothing to support his corollary claim that the prosecutor's interference prevented disclosure of the transcript to his defense attorney. Neither the claim nor its adjunct qualifies as newly-discovered evidence so as to provide an exception to the PCRA time bar. We are thus without jurisdiction to address Appellant's claims.

***Commonwealth v. Green***, 2316 EDA 2006, *5-6 (Pa. Super. Apr. 19, 2007)

(emphasis added).

In its November 20, 2018 order, the trial court explained why it intended

to dismiss Appellant's eighth PCRA petition:

[Appellant's] second PCRA petition, filed on January 5, 2006, invoked, *inter alia*, a newly-discovered fact similar to the one asserted here. . . . Upon review of the full record, the court finds that [Appellant] has failed to establish a newly-discovered fact. [Appellant's] claim for newly-discovered exculpatory evidence is based upon his co-defendant's account of the robbery and killing. The pivotal fact here is that Darrick Hall, who never testified at his own or [Appellant's] proceedings, now asserts that [Appellant] fled the scene of the crime prior to any shots being fired. As set forth above, this specific fact was the subject of [Appellant's] second PCRA petition, although the fact came from Tyrone Allen, a source other than Darrick Hall. **Thus, Hall's proposed testimony concerns only a newly willing source for previously alleged facts.** This is insufficient to warrant relief.

Indeed, Hall's declaration does not constitute newly-discovered evidence at all. If true, [Appellant] knew from the time of trial and every day thereafter that he was not present at the laundromat when the shots were fired and could not have only recently discovered the information. Moreover, as discussed above, this information was the subject of [Appellant's] 2nd PCRA petition wherein [Appellant] claimed that the discovery of Tyrone Allen's testimony at Hall's trial established his innocence, entitling him to PCRA relief. **The only new information is Hall's**

**willingness to come forward with his own testimony as to this fact.**

[Appellant] has further failed to establish due diligence on his part. [Appellant's] petition alleges that he acted within 60 days of encountering Hall in SCI-Phoenix on September 17, 2018 when he learned of the affidavit Hall sent to [Appellant's] prior counsel, Attorney Himebaugh (or within 60 days of receiving Hall's affidavit dated October 17, 2018). **However, it is apparent from our review of the record, specifically [Appellant's] own admissions, that [Appellant] made no effort to contact Hall since 1994 or 1995, more than 23 years ago.** See, Affidavit of Tyrone Green dated July 27, 2011, attached as Exhibit P-1 to [Appellant's] 7th PCRA petition. If [Appellant's] allegations are true that he was not present when the shots were fired, [Appellant] has been aware of this fact since the crime occurred, as has Hall. Nevertheless, [Appellant] did not pursue evidence of this fact for a number of years. While it may be true that Hall would have refused to come forward, or that he would have ignored [Appellant's] attempts to reach out over the years, this is speculation given that [Appellant] did not make any such effort after 1995.

As a result, [Appellant] fails to meet either requirement to the exception set forth in 42 Pa.C.S.A. §[]9545(b)(1)(ii), permitting an untimely claim upon the discovery of facts previously unknown to [Appellant], which could not have been discovered with due diligence. [Appellant's] 8th PCRA petition must be dismissed as untimely.

Order, 11/20/18, at n.1 (emphasis added).

We find instructive the Pennsylvania Supreme Court's analysis of

Section 9545(b)(1)(ii) in ***Commonwealth v. Marshall***, 947 A.2d 714 (Pa.

2008):

Exception (b)(1)(ii) requires petitioner to allege and prove that there were *facts* that were unknown to him and that he could not have ascertained those *facts* by the exercise of due diligence. The focus of the exception is on [the] newly discovered *facts*, **not on a newly discovered or newly willing source for previously known facts**. In [***Commonwealth v. Johnson***, 863

- 9 -

A.2d 423 (Pa. 2004)], this Court rejected the petitioner's argument that a witness's subsequent admission of alleged facts brought a claim within the scope of exception (b)(1)(ii) even though the facts had been available to the petitioner beforehand. Relying on **Johnson**, this Court more recently held that an affidavit alleging perjury did not bring a petitioner's claim of fabricated testimony within the scope of exception (b)(1)(ii) **because the only new aspect of the claim was that a new witness had come forward to testify regarding the previously raised claim**. Specifically, we held that the fact that the petitioner discovered yet another conduit for the same claim of perjury does not transform his latest source into evidence falling within the ambit of [Section] 9545(b)(1)(ii).

*Id.* at 720 (some citations omitted) (bold emphasis added, italics in original).

In applying the Supreme Court's holding in **Marshall** to Appellant's petition, we agree with the PCRA court that Appellant failed to plead and prove the newly-discovered facts exception to the PCRA time-bar. Appellant's eighth petition merely asserts that Appellant has discovered a new source for facts that have been known to him, or could have been known to him through due diligence, at least as early as October of 1994. As the focus of the Section (b)(1)(ii) exception is newly-discovered facts, and not a newly-discovered willing source for previously-known facts, **Marshall**, 947 A.2d at 720, Appellant fails to plead and prove such an exception to the PCRA's time-bar.

Accordingly, we agree with the PCRA court's determination that Appellant's petition is facially untimely, and he has failed to prove any

applicable Section 9545(b)(1) exception. We are therefore without jurisdiction and cannot reach the merits of Appellant's substantive claims.[1]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/2/19

---

[1] If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)).